MORTIMER A. DEWEY & another *vs.* DANIEL GARVEY & another & trustee.

Hampshire. Sept. 22, 1880. — Jan. 13, 1881. COLT & MORTON, JJ., absent.

A State lunatic hospital, under the control and government of the Commonwealth, cannot be charged as trustee of a person to whom it is indebted for persona services.

TRUSTEE PROCESS. Writ dated February 14, 1879, and served the next day. The Northampton Lunatic Hospital, summoned as trustee of one of the principal defendants, answered that, at the time of service of process upon it, there was in the hands of its treasurer the sum of $28 due and payable to the defendant for personal services rendered by him to the trustee; that the defendant had earned the further sum of $14, which was not then due and payable; that the trustee was a State

institution, under the control and government of the Commonwealth; and submitted to the court the question whether it could be charged as trustee in this action.

In the Superior Court, the defendants were defaulted, the trustee was charged in the sum of $28, and judgment entered for the plaintiffs; and the trustee appealed to this court.

*W. G. Bassett*, for the plaintiffs.

*J. B. O'Donnell*, for the trustee.

LORD, J. The debt disclosed by the trustee's answer is that of the Commonwealth, and whatever the form of proceeding, whether at common law, or in equity, or under any statute, unless special authority is given by law, the Commonwealth cannot be impleaded in its own courts. If, in any view of the facts, the trustees of the Lunatic Hospital could be deemed to be the contracting party, it could only be as the substitute or representative of the Commonwealth itself, and the party in interest must necessarily be the Commonwealth; so that there is no view in which the rights of the principal defendant as against the Commonwealth can, either with or without his consent or procurement, be litigated in this form. If a controversy exists between this principal defendant and the Commonwealth, as to the amount due from the Commonwealth to the defendant, it would not be contended that he could sue the Commonwealth for the purpose of determining the amount due to him; and it would be a strange anomaly in the law if by his procurement his creditor could by indirection litigate against the Commonwealth the amount of that claim which he could not himself directly try. It is hardly proper, however, to use the words "by indirection," for a trustee process is a direct proceeding, and is as really a suit between the parties as that between the plaintiff and defendant. There are, indeed, some peculiarities in the process, but the suit is a direct impleading of the trustee by the plaintiff. The real defendant in this case being the Commonwealth, the trustees cannot be charged personally for the debt. Gen. Sts. *c.* 73. St. 1862, *c.* 223. *Hodgson* v. *Dexter*, 1 Cranch, 345. *Buchanan* v. *Alexander*, 4 How. 20. *Troy & Greenfield Railroad* v. *Commonwealth*, 127 Mass. 43. *The Parlement Belge*, 5 P. D. 197.                    *Trustee discharged.*