### CHESTER S. MOREY v. JOHN GRANT.

*Final order—Receiver for co-partnership.*

An order made when a cause in chancery is ripe for final hearing on pleadings and proofs, which appoints a receiver of partnership property, is appealable, notwithstanding it does not in terms purport to be final.

A receiver should not be appointed at that stage of the case, except upon an adjudication of co-partnership and with decree for accounting.

An order for receiver in a partnership case should be of all the partnership estate. If it is of property in a particular place only, and does not describe that or distinguish it from the individual property of the partner who is assumed to be in possession and to have property there, it is erroneous.

Appeal from Kent. Submitted April 20. Decided April 25.

BILL for partnership accounting and for appointment of receiver. Defendant appeals. Reversed.

*E. S. Eggleston* for complainant.

*E. A. Maher* for defendant. Orders appointing receivers should distinctly state upon their face what property the receivers are put in charge of, in order that persons dealing with them may know what property is in possession of the court by its officers: *Crow v. Wood* 13 Beav. 271; High on Receivers § 87; Edwards on Receivers § 79.

COOLEY, J. The bill in this case was filed for the purpose of winding up the affairs of a co-partnership which was alleged to exist between the parties for the purpose of keeping a hotel in a building known as the Barnard House. The bill prayed for an accounting and a receiver. The defendant answered to the merits and proofs were taken.

It was not disputed that a partnership had existed between the parties, but the defendant claimed that complainant had voluntarily taken himself out of the business. On both sides it was agreed that defendant was in possession of the Barnard House while the suit was in progress, and keeping it as a hotel. What property in the house belonged to the parties respectively or to the partnership was the subject of controversy, and evidence was gone into respecting it.

The case being in readiness for hearing on pleadings and proofs, was called up and the following order or decree made:

Title of Cause.

"On reading the pleadings and proofs in this cause, and after having heard the arguments of counsel, and on motion of Isaac H. Parrish, the solicitor for the complainant, it is ordered, adjudged and decreed that David L. Stivens be and hereby is appointed receiver of property now in the Barnard House, so called, and which was in said house when this bill was filed, and which belonged to the firm of Morey & Grant, being all of the furniture and property therein except the private property of the defendant, John Grant.

That such receiver make a careful inventory of all the property and file the same with the register of this court; that before such receiver take possession of such property he must execute and file with the register of this court a bond in the sum of two thousand dollars, to be signed by at least two sufficient sureties, to be approved by such register; and it is further ordered that such receiver hold said property to be disposed of according to the order of this court, but that he do not remove the same from said Barnard House, or interfere with the use of the same by defendant before the 12th day of January next."

It is to be observed of this order:

1. That it does not purport to be interlocutory. It is made when the case stands for final hearing on the merits, and when nothing, so far as we can learn from the record, hinders a final disposition. It is made, therefore, when the final decree should have been or might have been made: it is a decree in fact; and we only infer that it was not intended to be final from the fact that it does not in terms completely dispose of the case.

2. That it assumes to appoint a receiver without any adjudication whatever. Even as an interlocutory order there should have been embraced in it a finding of such facts as would give authority for divesting the possession of the defendant, but when made after the evidence is in, the necessity that the court should find that the necessary facts were made out is still more obvious. To appoint a receiver at that stage of the case, without first adjudging the merits upon which the right or the propriety of the appointment necessarily depended, was very plainly erroneous, and must, we think, have been inadvertent.

3. That it is not an appointment of a receiver of the partnership assets generally, but only of the property which at the time is and when the bill was filed was, in the Barnard House, and which belonged to the partnership, "being all of the furniture and property therein except the private property of the defendant." Perhaps to the extent of this recital the order should be deemed an adjudication; but as such it is uncertain and insufficient, for it does not undertake to distinguish between the property of the firm and the property of the defendant, or furnish any means whereby the receiver could do so. And from the record it appears that there was and had been from the beginning of their dealings a controversy between the parties respecting the ownership of the property which was made use of in keeping the Barnard House. This controversy, apparently, the order turned over to the receiver. Not only was this improper, but it was also improper to appoint a receiver of particular property only, if the appointment was made with a view to a final accounting.

4. That in this order or decree, made as already stated at the time for final decree, and upon a record ready for final decree, there is not only no adjudication of partnership and no order for accounting, but there is also no equity reserved. When a decretal order is taken at the hearing we are to suppose the party asks and takes all he is entitled to unless the recitals therein show the contrary. If, therefore, he takes a decree for one branch of the relief prayed, and expects at a future time to apply for further relief, his decree with the consent of the court is framed with the proper reservation. But in this case the party obtains the receivership for which he prayed in his bill, and the decree is entered as if he was satisfied with that and desired and expected nothing further. It is only the insufficiency of this relief to accomplish any substantial result without further action of the court that leads to the supposition that further action must have been expected.

But if complainant expected to bring the case to further hearing, and to ask for an accounting, that very fact was

sufficient evidence that this order should not have been made. There was no showing of urgency by affidavit; the appointment was made on the pleadings and proofs, and could not properly have been made unless the judge had first satisfied himself that on the pleadings and proofs complainant was entitled to an accounting. If he did not consider the case sufficiently to satisfy himself of that fact, he should not have subjected the parties to the expense and the defendant to the inconvenience of a receiver, when perhaps a full hearing would show the appointment to be unwarranted and vexatious. If he did consider the case sufficiently to satisfy him that there should be a receiver, he should at the same time have ordered an accounting. In any view we can take of this decretal order it appears to be erroneous. Receiverships should never be created unless the reasons are found to be imperative.

It is said, however, that it is not a final decree or order, and therefore not appealable. But, as we have seen, it does not purport to be interlocutory, and we gather from inference only that complainant expected to move further. It was made at the time for final decree, and when a final adjudication might have been had. Had the adjudication taken place, it would unquestionably have been appealable; and we cannot agree that defendant is cut off from the right to a review by the sentence of dispossession having been made without the adjudication which was needed for its support.

The order is reversed with costs.

CAMPBELL and MARSTON, JJ. concurred.