# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1902.

## St. Louis, Vandalia & T. H. R. R. Co. et al. v. The Town of Vandalia et al.

1. APPEALS—*Lie from Interlocutory Orders Appointing a Receiver.*
—Whenever an interlocutory order or decree is entered in a suit pending in any court of this state appointing a receiver or granting other or further powers to a receiver already appointed, an appeal may be taken from such order to the Appellate Court of the district wherein the court granting the order is situate.

2. RECEIVERS—*Appointment of, Ancillary.*—The appointment of a receiver is not the ultimate end and object of the suit, but is merely ancillary thereto, and rests in the sound discretion of the court; and the Appellate Court will not interfere with the course being pursued by the trial court except where it is clear the justice of the case requires it.

3. SAME—*Not to be Allowed to Commence Important Suits Without Specific Authority.*—A receiver ought not to be allowed to commence any important suit without direct and specific authority from the court.

Order Appointing a Receiver.—Appeal from the Circuit Court of Bond County; the Hon. BENJAMIN R. BURROUGHS, Judge presiding. Heard in this court at the February term, 1902. Reversed and remanded with directions. Opinion filed April 26, 1902.

JNO. G. WILLIAMS and T. J. GOLDEN, attorneys for appellants.

CHARLES W. THOMAS, attorney for appellees.

PER CURIAM.

The order appealed from in this case was entered by the

(363)

364    APPELLATE COURTS OF ILLINOIS.

VOL. 108.] St. L., V. & T. H. R. R. Co. v. Town of Vandalia.

Circuit Court of Bond County, in a chancery case therein pending, instituted by appellees, minority stockholders of appellant corporation, against appellant corporation and certain of its officers, directors and stockholders. No final decree has been entered in the case; but upon the coming in of the answers of the various defendants to the bill of complaint, and the producing of evidence *pro* and *con* as to certain issues raised in the pleadings, the court entered the following interlocutory order:

" First. That Henry C. Begole be appointed receiver in this cause of all and singular, the money, credits, rights, choses in action, records, books, papers and property of the St. Louis, Vandalia & Terre Haute Railroad Company (except its railroad and the equipment thereof), no matter where or in whose possession they or any of them may be.

Second. That said receiver be authorized and directed to collect, receive and reduce to possession all the said moneys, credits, choses in action, records, books, papers and property of said company above named, with the said exception, and to give proper receipts and acquittances for the same.

Third. That said receiver be authorized and directed to commence and prosecute in any and all proper jurisdictions, any suit or suits, action or actions, in his own name as such receiver, or in the name of the St. Louis, Vandalia & Terre Haute Railroad Company, which he may be advised are necessary to recover any sum or sums of money which the said company, through its officers, directors or stockholders has paid out or allowed to be retained by any person or corporation as compensation for any equipments or betterments put upon the railroad of said company since the 1st day of July, A. D. 1870, or to recover any and all sum or sums of money which said company has, through any of the agencies aforesaid, paid out, or allowed to be retained by any person or corporation as dividends upon any stock of said company designated and known as preferred stock.

Fourth. And the said receiver is authorized and directed to bring any suit or suits, action or actions, in any and all proper jurisdictions, in his own name as such receiver, or in the name of said company, which he may be advised are necessary and proper to cancel any bonded indebtedness of said company, or any part thereof, by causing to be set off against the same any or all of said dividends, if the said dividends have been received by any owner or holder of said bonded debt, and to take all steps and to do all things

which he may be advised are necessary or proper to restore to said company all the money due it from any source whatever, or to get a proper credit for the same upon its bonded debt.

Fifth. And the said receiver is authorized, if he be so advised, to bring, in his own name as such receiver, or in the name of the said St. Louis, Vandalia & Terre Haute Railroad Company, or in the name of any stockholder thereof who may consent to the same, any suit or suits, action or actions, which may be necessary to cancel any stock of said company, known and designated on its records as preferred stock, or to set aside and annul all and any preference or advantage which any stock of said company may have over any other stock thereof.

Sixth. And the said receiver is hereby authorized and directed to collect and receipt for all rentals due or to become due said company under and by virtue of the terms of the existing lease of its railroad to the Terre Haute and Indianapolis Railroad Company; and in his own name as such receiver, or in that of the St. Louis, Vandalia & Terre Haute Railroad Company, to commence and prosecute such suit or suits, action or actions, proceeding or proceedings, in any proper jurisdiction or court, as he may be advised are necessary to collect such rentals, or to forfeit such lease in case of their non-payment—and in case said lease is declared forfeited by the order, judgment or decree of any court, or the property in the said lease described is surrendered to said receiver, he shall operate the same by such servants, employes and agents as he shall deem necessary, until the further order of this court in the premises; and he shall apply to this court, at its first regular term after such forfeiture or surrender, for its further orders and directions in that behalf.

Seventh. And the said receiver is hereby empowered to employ any attorney or attorneys, agent or agents, solicitor or solicitors, which he may deem necessary, in order to enable him to execute this decree; and, subject to the orders of this court, to pay them out of any funds in his hands as such receiver, a reasonable compensation for any services they may render under their employment, and to pay out of said funds all the costs and necessary expenses, exclusive of counsel fees of any and all suits, actions or proceedings which he may bring or commence, or cause to be brought or commenced, under or by authority of this decree, and all the costs and charges of executing this decree; and the said receiver shall, on or before the second day of every

. 366     APPELLATE COURTS OF ILLINOIS.

VOL. 103.] St. L., V. & T. H. R. R. Co. v. Town of Vandalia.

term of this court, until his discharge or removal, render an itemized account of his receipts and expenditures as such receiver, and render to this court in writing a statement of all property in his hands as such receiver, and a report of the true condition of all matters and things hereby committed to his charge; and he shall keep correct books of account, which shall show all of his receipts and expenditures of money coming into his hands as such receiver, which books shall be subject at all reasonable times to the inspection of any party to this suit, or his or its agents thereunto authorized in writing.

Eighth. And the said receiver, when he has obtained possession of the books and papers of said company, shall bring them into the State of Illinois and keep them at its general office in the City of Greenville, in said State, subject to the inspection of any stockholder of said company, and subject to any proper use of the same which the directors and officers of said company may see fit to make at said office.

Ninth. And the said receiver shall, before entering upon the duties of his trust, as prescribed by this decree, enter into a bond in the penal sum of five hundred thousand dollars ($500,000) with the parties to this suit as obligees, with good and sufficient sureties to be approved by the clerk of this court, and conditioned to the effect that if he, the said Henry C. Begole, as such receiver, shall faithfully account for and pay over all money and deliver all other property which may come into his hands as such receiver, as ordered and directed by this court, and shall faithfully comply with the orders and decrees of this court made and entered, or to be made and entered in this cause, then the obligation of said bond to be void; and when said bond is approved by the said clerk and filed in his office, the said receiver shall enter upon the duties of his said trust.

Tenth. It is further ordered, adjudged and decreed by the court that any party to this suit who has in his possession or in his charge, or under his control, any money, books, papers, or other property of the said St. Louis, Vandalia & Terre Haute Railroad Company, shall turn the same over to said receiver, as soon as he has qualified as hereinbefore directed, and the said company and all of its officers, directors and agents, and their successors, and all of the parties defendant to this suit, are hereby enjoined and restrained from in any manner delaying, harassing, obstructing or impeding the said receiver in the discharge of any of his duties hereunder.

Eleventh. It is further ordered, adjudged and decreed by the court that any person or corporation having any claim or demand upon or against the said St. Louis, Vandalia & Terre Haute Railroad Company, or against any fund which may at any time be in the hands of said receiver, may intervene in this case and present the same to this court for allowance or disallowance, as the case may be, and leave is given to the complainants or defendants to file a certificate of evidence in this cause during the present term of this court, and this cause is continued for such further orders and decrees as the facts of this case may warrant and as to equity may seem meet and proper."

Appellants' counsel contend that the order appealed from is a final decree in the case and their able and extended brief and argument proceeds in the main upon that theory. In this we can not agree with counsel. It does not purport to be a final decree and is not such decree in either its scope or character. It is interlocutory merely. It is, however, such an order as may be appealed from. The statute of 1887, Hurd's Revision of 1901, Chap. 22, Sec. 52, provides:

"That whenever an interlocutory order or decree is entered in any suit pending in any court in this State, granting an injunction, or overruling a motion to dissolve the same, or enlarging the scope of an injunction order, or appointing a receiver, or granting other or further powers or property to a receiver already appointed, an appeal may be taken from such interlocutory order or decree to the Appellate Court of the district wherein is situated the court granting such interlocutory order or decree: Provided, that such appeal is taken within thirty days from the entry of such interlocutory order or decree and is perfected in said Appellate Court within sixty days from the entry of such order or decree. * * * Upon filing of the record in the Appellate Court, the same shall be at once docketed, and shall be ready for hearing under the rules of said court, taking precedence of other cases in said court. Upon such appeal, the Appellate Court may affirm, modify or reverse such interlocutory order or decree, and shall direct such proceedings to be had in the court below as the justice of the case may require."

The requirements of this statute have been complied with by appellants and the case is properly before us for determination. It must be borne in mind that the appointment

368 APPELLATE COURTS OF ILLINOIS.

VOL. 103.] St. L., V. & T. H. R. R. Co. v. Town of Vandalia.

of a receiver is not the ultimate end and object of this suit, but is merely ancillary thereto, and rests in the sound discretion of the court. In such cases appellate courts will not interfere with the course being pursued by the trial court, except where it is clear that the justice of the case requires it.

The abstract of the pleadings in this case covers over 400 closely printed pages. Time and space at our disposal will not permit of any attempt to state even the substance of them in this opinion. The record discloses that many of the charges made by complainants as to the management of the property of the corporation and the disposition of its funds are probably true, and that appellants have not in the past acted with due regard to the interest of the minority stockholders, and that there is no probability they will during the future progress of the pending litigation act otherwise than as they have in the past, if left by the court in control of the property, funds and income of the corporation. We are therefore of opinion that the Circuit Court did not abuse its power in the fact of appointing a receiver as a means of placing the property, funds and income of the corporation under the control of the court, that further probable misapplication and waste may be stayed pending what promises to be protracted litigation. But we are also of opinion that the powers given to the receiver by the terms of the order are excessive, and might be so exercised as to work great injustice. The order as it now stands gives the receiver power to institute suits and incur expense without limit; to enter of his own will upon a course of litigation that might be most unwise and wasteful. The receiver ought not to be allowed to commence any important suit without direct and specific authority from the court. He can during the litigation now pending receive and hold the property, funds and income, so that the court may protect the interests of all in future dispositions of it, and if the court shall in any particular case or cases, after due investigation, deem it prudent and just that suits be instituted, the receiver can be so directed.

The order of the Circuit Court appealed from is affirmed

St. L., V. & T. H. R. R. Co. v. Town of Vandalia.

in part, reversed in part, and modified so as to read as follows:

"First. That Henry C. Begole be appointed receiver in this cause of all and singular the money, credits, rights, choses in action, records, books, papers and property of the St. Louis, Vandalia & Terre Haute Railroad Company, except its railroad and the equipment thereof, no matter where or in whose possession they or any of them may be.

Second. That said receiver be authorized and directed to collect, receive and reduce to possession all the said moneys, credits, choses in action, records, books, papers and property of said company above named, with the said exception, and to give proper receipts and acquittances for the same.

Third. And the said receiver is hereby authorized and directed to collect and receipt for all rentals due or to become due said company under and by virtue of the terms of the existing lease of its railroad to the Terre Haute & Indianapolis Railroad Company; and in his own name, as such receiver, or in that of the St. Louis, Vandalia & Terre Haute Railroad Company, to commence and prosecute such suit or suits, action or actions, proceeding or proceedings, in any proper jurisdiction or court, as he may be advised are necessary to collect such rentals, or to forfeit such lease in case of their non-payment; but said receiver shall not commence or prosecute any suit or suits, action or actions, proceeding or proceedings, except for the recovery and collection of the rentals above specified, without leave of court so to do first had and obtained; and in case said lease is declared forfeited by the order, judgment or decree of any court, or the property in the said lease described is surrendered to said receiver, he shall operate the same by such servants, employes and agents as he shall deem necessary until the further order of this court in the premises; and he shall apply to this court at its first regular term after such forfeiture or surrender, for its further order and directions in that behalf.

Fourth. And the said receiver shall, before entering upon the duties of his trust as prescribed by this decree, enter into a bond in the penal sum of five hundred thousand dollars ($500,000) with the parties to this suit as obligees, with good and sufficient sureties to be approved by the clerk of this court, and conditioned to the effect that if he, the said Henry C. Begole, as such receiver, shall faithfully account for and pay over all money and deliver all other property which may come into his hands as such

370    APPELLATE COURTS OF ILLINOIS.

VOL. 103.] St. L., V. & T. H. R. R. Co. v. Town of Vandalia.

receiver, as ordered and directed by this court, and shall faithfully comply with the orders and decrees of this court made and entered or to be made and entered in this cause, then the obligation of said bond to be void; and when said bond is approved by said clerk and filed in his office, the said receiver shall enter upon the duties of his said trust.

Fifth. And the said receiver, when he has obtained possession of the books and papers of said company, shall bring them into the State of Illinois, and keep them at its general office, in the city of Greenville, in the said state, subject to the inspection of any stockholder of said company, and subject to any proper use of the same which the directors and officers of said company may see fit to make at said office.

Sixth. It is further ordered, adjudged and decreed by the court that any party to this suit who has in his possession or in his charge or under his control any money, books, papers or other property of the said St. Louis, Vandalia & Terre Haute Railroad Company, shall turn the same over to said receiver, as soon as he has qualified as hereinbefore directed; and the said company, and all of its officers, directors and agents, and their successors, and all of the parties defendant to this suit, are hereby enjoined and restrained from in any manner delaying, harassing, obstructing or impeding the said receiver in the discharge of any of his duties hereunder.

Seventh. It is further ordered, adjudged and decreed by the court that any person or corporation having any claim or demand upon or against the said St. Louis, Vandalia & Terre Haute Railroad Company, or against any fund which may at any time be in the hands of said receiver, may intervene in this case and present the same to this court.

Eighth. The said receiver shall, on or before the second day of each and every term of this court, render an itemized account of his receipts and expenditures, and a true statement of all property in his hands as such receiver, and report the true condition of all matters and things hereby committed to his charge. And he shall be allowed from time to time such credits for disbursements and necessary expenses and such reasonable compensation for his services as the court may approve and order."

This cause is remanded to the Circuit Court of Bond County, with directions to that court to enter the above modified order in said cause for and in lieu of the said order appealed from.    Remanded.