St. Louis, Vandalia & Terre Haute R. R. Co. et al. v. Town of Vandalia et al.

1. APPEALS—*Nature of Order to Receiver to Borrow Money to Prosecute Legal Proceedings.*—While an order of court allowing a receiver to borrow money and issue receiver's certificates therefor, for the purpose of raising a fund with which to employ counsel and defray the

expenses of commencing and prosecuting suits authorized by an order of court, is in a sense an interlocutory order, still it is something more in its scope than a mere interlocutory order, and an appeal from it will lie, though not perfected in the Appellate Court within sixty days, as is provided by statute in case of appeal from an interlocutory order.

2. SAME—*From Decrees Against a Party Working a Deprivation of His Property.*—An appeal will lie, independent of the act of 1887, from any decree against a person that will work a deprivation of his property.

Bill for a Receiver.—Appeal from the Circuit Court of Bond County; the Hon. BENJAMIN R. BURROUGHS, Judge presiding. Heard in this court at the February term, 1903. Reversed. Opinion filed September 10, 1903.

JOHN G. WILLIAMS and T. J. GOLDEN, attorneys for appellants.

CHARLES W. THOMAS, attorney for appellees.

OPINION PER CURIAM.

One feature of this case was before this court at the February term, 1902, and is reported in Vol. 103 Ill. App. 363. We then approved an order as modified by this court appointing a receiver, and remanded the case to the Circuit Court with directions to that court to enter the modified order in lieu of the order appealed from.

The order as approved by this court appointed Henry C. Begole receiver of the money, credits, rights, choses in action, records, books, papers and property of one of appellants, the St. Louis, Vandalia and Terre Haute Railroad Company, except its railroad and railroad equipment, and authorized him to commence and prosecute such suits as might be by him deemed necessary for the recovery of certain specified rents, claimed by appellees to be due to said railroad company. This order expressly prohibited the receiver from commencing or prosecuting any suit, except for the rents specified, without leave of court.

At the September term, 1902, of the Circuit Court of Bond County the order of this court was entered as directed, and at the same term of that court the receiver presented a petition for leave to commence and prosecute divers suits.

500    Appellate Courts of Illinois.

Vol. 109.] St. L., V. & T. H. R. R. Co. v. Town of Vandalia.

There was a hearing on this petition and the following order was entered :

" First.   To demand either in his own name as such receiver or in the name of the St. Louis, Vandalia and Terre Haute Railroad Company, from Volney T. Malott, receiver of the Terre Haute and Indianapolis Railroad Company, appointed by an interlocutory decree of the Circuit Court of the United States for the District of Indiana, in a certain cause in equity therein pending, wherein Mark T. Cox and others are complainants and the said Terre Haute and Indianapolis Railroad Company is defendant, the said Malott now being in possession of and operating the railroad of said St. Louis, Vandalia and' Terre Haute Railroad Company under and by virtue of the existing lease of the said last named company to the said Terre Haute and Indianapolis Railroad Company, or from his successor, if any, as tenant under said lease, all the rent now due, or from time to time to become due under said lease, including not only such rent as has accrued since the time said Malott took possession under said lease and which now remains unpaid, but also all rent which will from time to time fall due under the provision thereof, and also all back rent due at the time of such possession and still unpaid; and in case said rent or any part of it remains unpaid to the said Begole as receiver as aforesaid, for a period of ten days after such demand is made in writing, he is hereby authorized and directed to declare a forfeiture of said lease, and either in his own name as such receiver, or in the name of the St. Louis, Vandalia and Terre Haute Railroad Company, to declare the same forfeiture and to bring, either in his own name as such receiver, or in the name of the said St. Louis, Vandalia and Terre Haute Railroad Company, either as an ancillary proceeding in this case or independently, in some court having jurisdiction of the matter, an action or actions against the said Malott or any other person or corporation who may succeed him as tenant under said lease, to recover possession of all the property in the said lease described.

" Second.   To commence and prosecute, either in his own name as such receiver, or in the name of the St. Louis, Vandalia and Terre Haute Railroad Company, a suit or suits against the Pennsylvania Railroad Company and the Pennsylvania Company, both being corporations of the State of Pennsylvania, either jointly or severally, to compel said companies and each of them to account to him as such receiver, or to the St. Louis, Vandalia and Terre Haute

Railroad Company, for all money received by them or either of them as dividends upon the supposed preferred stock of the St. Louis, Vandalia and Terre Haute Railroad Company, in any court having jurisdiction of the matter, or by ancillary proceedings in this cause, or by intervention in the said cause of Mark T. Cox and others against the Terre Haute and Indianapolis Railroad Company, to recover from said last named company, or its receiver, not only all dividends received by said company, or its said receiver, on the supposed preferred stock of the St. Louis, Vandalia and Terre Haute Railroad Company, but to procure an accounting generally between the said Terre Haute and Indianapolis Railroad Company, or its said receiver, or both, and the said St. Louis, Vandalia and Terre Haute Railroad Company, or its said receiver, with respect to rent due under said lease.

"And the said Henry C. Begole, as such receiver, is hereby authorized and directed to employ special counsel to commence and prosecute the said actions, suits and proceedings and to incur all expenses necessary for the commencement and prosecution of the same, and the said receiver is hereby authorized and given leave to employ counsel to advise him from time to time with respect to the performance of his duties as such receiver, and with respect to the legal questions which may arise with respect to the care and management of the property and funds committed to his charge by the decree herein."

Upon the granting and approval of the above quoted order, the receiver presented to the court his petition for leave to borrow money and issue receiver's certificates therefor, for the purpose of raising a fund with which to employ counsel and defray the expenses of commencing and prosecuting the suits and legal proceedings authorized in said order. A hearing was had upon this petition and the court granted the prayer of the petition and entered the following order:

"And now, on this 17th day of November, A. D. 1902, the same being the tenth Monday of the term, comes Henry C. Begole, receiver in this cause, and presents to the court his petition duly verified by affidavit, to be permitted and directed to issue receiver's certificates and borrow money thereon to enable him to comply with the orders and decrees of the court, heretofore entered in this cause, and also come

502     APPELLATE COURTS OF ILLINOIS.

VOL. 109.] St. L., V. & T. H. R. R. Co. v. Town of Vandalia.

all the parties to this suit by their respective solicitors, and the allegations of the said petition not being in any manner controverted or denied, the court finds the same to be true, and that large sums of money, being in the aggregate over $600,000, due to the St. Louis, Vandalia and Terre Haute Railroad Company, and properly payable to the said receiver, are withheld from him by the persons and corporations in possession of the same who refuse to pay the same or any part thereof, to him, and that suits, actions and legal proceedings are necessary in order to enable the said receiver to collect the same.

" And the court further finds that the said receiver has no funds in his possession out of which to pay either the ordinary expense connected with the administration of his said trust or the costs and expenses of the litigation ordered and directed by this court to be instituted and carried on, or the costs and expenses of such suits, actions and proceedings as may be necessary to collect the money now due to the St. Louis, Vandalia and Terre Haute Railroad Company, and that unless the receiver be ordered and directed to borrow money, he will not be able to proceed with the administration of his said trust, and the orders and decrees heretofore entered in this cause can not be executed. .

" It is therefore ordered, adjudged and decreed by the court, that the said receiver borrow the sum of twenty thousand dollars, and issue therefor his certificate or certificates bearing interest from date until paid, at the rate of seven per cent per annum, and the said certificate or certificates shall be a lien upon all the rents, issues and profits of the St. Louis, Vandalia and Terre Haute Railroad Company subject only to its bonded debt now outstanding, and shall be payable out of the first money coming into the hands of the said receiver." * * * " And the court further finds that the said sum of twenty thousand dollars is necessary for the following purposes in order to enable the said receiver to proceed as heretofore directed by the court, and hereby orders and directs the said receiver to apply the proceeds of said certificates as follows :

1. For the payment of special counsel to institute and carry on litigation heretofore authorized and directed in this case, the sum of fifteen thousand dollars, which shall serve not only retainers for such counsel, but shall be a credit generally on account of special counsel fees.

2. For the payment of said receiver as such, to be credited on account, the sum of fifteen hundred dollars.

3. For the payment of personal counsel for said receiver, to be credited on account, the sum of one thousand dollars.

4. For expense of said receiver already incurred in the performance of his duties as such, and for expenses other than special counsel fees necessary to carry on the said litigation, and for necessary expenses which the said receiver will hereafter, and until the further order of the court herein incur in the performance of his duties and not included in the above, and which can not be accurately estimated, the sum of two thousand five hundred dollars."

From this order the present appeal is prosecuted to this court.

Counsel for appellees contends that the order appealed from is a mere interlocutory order and that the appeal should be dismissed because the appeal was not perfected in the Appellate Court within sixty days, as is provided by statute in case of appeal from an interlocutory order, and to this end counsel, in apt time, filed his motion in this court to dismiss the appeal.

The motion was argued and taken with the case. The appeal was prayed for and perfected in the ordinary manner of appeals from final orders, and is without fault as an ordinary appeal, but it does not in the respect complained of, strictly comply with the statute as to appeals from interlocutory orders.

While the order appealed from is in a sense an interlocutory order, still we are of opinion that it is something more in its scope than a mere interlocutory order. If it could stand and be made effective it would result in a deprivation of property, and it is a general rule that an appeal will lie, independent of the act of 1887, "from any decree against a party that will work a deprivation of his property." We think the following cases cited by appellant's counsel tend to support their contention that the appeal was properly taken: Blake v. Blake, 80 Ill. 523; Foss v. Foss, 100 Ill. 576; McCormick v. Park Commissioners, 118 Ill. 655; People v. Circuit Court Cook Co., 169 Ill. 201; Forgay v. Conrad, 6 How. U. S. 203; Winthrop Iron Co. v. Meeker, 109 U. S. 180; Lewis v. Campau, 14 Mich. 458; Taylor v. Sweet, 40

Mich. 736; Arnold v. Bright, 41 Mich. 207; Morey v. Grant, 48 Mich. 326.

The motion to dismiss the appeal is overruled.

The record in this case shows that there is no property of any kind in possession of the receiver or under the control of the court. There is nothing upon which to base the receiver's certificates, by way of pledge for their payment, except the uncertain results of proposed litigation. Nothing that the court now has under control or that it can now seize and hold. We are of opinion that it is wholly unwise and indeed an improper exercise of the powers of a court to authorize its certificates to be issued and placed upon the market under such circumstances. The order of the Circuit Court appealed from is reversed.