### LENDZION *v.* SENSTOCK.

1. MORTGAGES—POSSESSION—FORECLOSURE—REDEMPTION.

   Mortgagors are entitled to the possession of mortgaged property and the rents and income therefrom until foreclosure sale and until the expiration of the equity of redemption.

2. APPEAL AND ERROR—DIVESTITURE OF POSSESSION—APPEALABLE ORDER.

   Any decree or order divesting possession or rights on a preliminary inquiry is illegal and void and when made in an equity suit is a final decree and appealable.

3. MORTGAGES—RECEIVER PENDENTE LITE.

   On defendants' cross bill seeking to have deed declared a mortgage, foreclosure thereof and appointment of a receiver *pendente lite* to collect a reasonable rent from plaintiffs of the home occupied by them, where there were no allegations that defendants were entitled to rents, income, or possession in case of default, nor of emergency justifying appointment of receiver, order appointing receiver was erroneous.

4. COSTS—RECEIVER PENDENTE LITE.

   No costs are allowed in suit for specific performance of an alleged oral contract to execute a land contract upon vacation of order appointing a receiver *pendente lite,* where the equities of the case fail to justify an award thereof.

Appeal from Wayne; Murphy (George B.), J. Submitted October 15, 1941. (Docket No. 65, Calendar No. 41,737.) Decided January 6, 1942.

Bill by Leonard C. Lendzion and wife against Joseph A. Senstock and wife to enforce an oral agreement to enter into a land contract. Cross bill to determine interests of the parties, for accounting and other relief. Plaintiffs appeal from order appointing receiver. Order vacated and case remanded.

*Edward P. Echlin,* for plaintiffs.

*Ray V. Richards,* for defendants.

CHANDLER, C. J.  It appears from the pleadings in this case that the plaintiffs, desirous of obtaining a home for themselves, on March 30, 1939, entered into a preliminary agreement for the purchase of a certain house and lot in Grosse Pointe Woods with Robert G. and William J. Kitchen, title holders, for the sum of $8,500, expecting at that time that they would be able to obtain a loan for this amount from the Federal Housing Administration; that they anticipated that it would take about 30 days to obtain this loan.  Plaintiffs then went to defendants, the defendant Frances being a sister of plaintiff Leonard, and also to another sister of plaintiff Leonard, a Mrs. Estelle Krebs, for financial assistance pending the negotiations to obtain the F.H.A. loan.  Mrs. Krebs agreed to loan $4,000 and to take defendants' note for this amount, and defendants agreed to advance the balance of the purchase price, $4,500, and take title to the premises in their own names.

The premises in question were purchased with the $4,000 advanced by Mrs. Krebs and the $4,500 advanced by defendants, and title to same was taken in the names of defendants.  Plaintiffs then moved onto the premises.

Negotiations for the F.H.A. loan fell through and defendants then executed to Mrs. Krebs a mortgage on the premises to secure the note they had given for the $4,000 that she advanced.

It is alleged in the pleadings that some payments of interest were made to Mrs. Krebs by plaintiffs and that plaintiffs also paid some taxes.

On June 28, 1940, the plaintiffs herein filed their

bill of complaint alleging substantially the foregoing facts, but urging that defendants were to take title to the property as security for the money advanced by them, and further it is the claim of the plaintiffs that the defendants agreed orally to execute a land contract to plaintiffs for the sale of said' premises for the sum of $10,500 with interest at 4 per cent., and should allow plaintiffs a credit on said contract of $2,000, thus reducing the amount of the principal thereof to the amount that defendants and Mrs. Krebs had advanced in payment for said property. Plaintiffs further allege that after moving onto said property they paid interest to Estelle Krebs on the mortgage given to her by defendants, and also paid to defendants interest on the remaining $4,500 with the exception of the June 1, 1940, payment, and that their reason for refusing to pay this interest was because defendants refused to execute a land contract to plaintiffs in accordance with said oral agreement. The plaintiffs alleged that they always have been, and still are, ready' and willing to enter into a land contract with the defendants in accordance with their said oral agreement, and in their amended bill of complaint they seek specific performance by defendants of such oral agreement to enter into a land contract.

For answer to said bill of complaint the defendants admit that plaintiffs went into possession of the premises described in the bill of complaint and made payments of interest, and admit that they refused to sign a land contract, which was prepared by plaintiffs, insisting that the agreement to make said contract is invalid and unenforceable because not reduced to writing and subscribed to by the party to be charged as required by 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).

Defendants file a cross bill alleging that they took title to said premises as security for the repayment

of their loan, and urge that it was expressly agreed between the plaintiffs and defendants that the defendants were to hold the title to said premises only until plaintiffs could obtain an F.H.A. loan for a sum sufficient to repay them the $4,500 which they advanced in payment for said premises. They also allege the execution and delivery of a promissory note to Estelle Krebs for the sum of $4,000, and also the execution to Mrs. Krebs of a mortgage to secure the repayment of said sum. Defendants further allege in said cross bill that the proposed land contract was contrary to the agreement between the parties, and allege that the said plaintiffs are in default in the repayment to said defendants of the amount loaned to them, as well as in interest payments, and allege further default in not paying insurance premiums and taxes assessed against said premises, and ask for a determination of the interest of the parties to this cause, including that of Estelle Krebs, and for a decree requiring plaintiffs to come to an accounting with the defendants, and in the event the court finds the deed to the defendants to be a mortgage lien on said premises, that foreclosure of same be decreed.

On April 21, 1941, the defendants herein petitioned the court for the appointment of a receiver, and the determination by the court of a fair rental value for the premises to be paid to said receiver during the pendency of this suit. Said petition alleged, among other things, that the defendants had made Estelle Krebs a party to their cross suit inasmuch as she had started foreclosure against them of the mortgage given to secure her loan of $4,000, but state they had been unable to secure service of process upon her, and that she has deliberately evaded service of process in furtherance of a scheme entered into between her and plaintiffs to defraud the defendants, and that the said Estelle Krebs has com-

menced foreclosure of the mortgage given by defendants to her, and that she and plaintiffs are doing all they can to hinder and embarrass defendants, and to defraud them out of the funds which they advanced in the purchase of said property.

After a hearing upon the petition, and the objections filed by plaintiffs thereto, the trial court entered an order appointing a receiver with directions to said receiver to determine and collect a fair · monthly rental from plaintiffs so long as they occupied said premises during the pendency of this suit.

From the order so made as aforesaid plaintiffs take a general appeal asserting: (1) That the order so entered is contrary to law. (2) That such order was entered in violation of the Michigan court rules. (3) That such order in authorizing the receiver to determine the fair rental value of the premises in question is an illegal and unwarranted delegation to a ministerial officer of judicial power. (4) That no showing as to the necessity of appointing a receiver was made.

The appellees insist that the order appointing a receiver is not a final disposition of a part or all of the subject matter of the suit, and that the appeal should be dismissed because no leave to appeal was secured. We appreciate that this court has on many occasions dismissed general appeals taken from orders which are not final, and has also denied leave to appeal from interlocutory orders, as there is no reason why this court should review cases by piecemeal. We do not think, however, that in a case where the facts are as they appear here, that the cases in which we have enforced this rule are applicable.

It fairly appears from the pleadings in the instant case that the deed by which the defendants obtained

record title was accepted by them as security for the moneys advanced in payment of the purchase price for the premises now occupied by plaintiffs and that they, plaintiffs, were in some manner, not made clear, to become owners of said property, and were also, in some manner, likewise not made very clear, to repay to defendants and to Mrs. Krebs the loans made by them to insure the purchase of said property.

By the foregoing statement we are not passing upon the merits of the controversy between these parties, nor do we even wish to intimate what the determination should be when finally submitted to the trial court on hearing on the merits.

The order appointing a receiver was upon the application of defendants, based upon their cross bill and motion. The cross bill avers that the deed by which they obtained title was taken as security for moneys loaned by them to plaintiffs and asks that said deed be decreed to be a mortgage and also that foreclosure of same be decreed.

If the defendants are entitled to the relief sought by them then the plaintiffs are the mortgagors and entitled, in case of foreclosure, to redeem the property within the statutory period by complying with the terms of the decree. Furthermore plaintiffs as mortgagors are entitled to the possession of the mortgaged property and the rents and income therefrom until foreclosure sale and until the expiration of the equity of redemption period. *Wagar* v. *Stone*, 36 Mich. 364.

In the case of *Sanford* v. *Newell*, 204 Mich. 91, we said:

"It has been decided repeatedly that any decree or order divesting possession or rights on a preliminary inquiry is illegal and void so that no one need respect or obey it. *People, ex rel. Messler,* v. *Simonson,* 10 Mich. 335; *People, ex rel. Port Huron & G. R.*

*Co.,* v. *St. Clair Circuit Judge,* 31 Mich. 456; *Salling* v. *Johnson,* 25 Mich. 489; *McCombs* v. *Merryhew,* 40 Mich. 721; *Arnold* v. *Bright,* 41 Mich. 207.

"Any such order made in an equity case is a final decree and appealable as such. *Barry* v. *Briggs,* 22 Mich. 201, and above cases."

In *Mardian* v. *Wayne Circuit Judge,* 118 Mich. 353, we held:

"It has been repeatedly held that orders appointing receivers, whereby the possession of property is divested, are appealable: See *Barry* v. *Briggs,* 22 Mich. 201; *People, ex rel. Port Huron & G. R. Co.,* v. *Jones,* 33 Mich. 303; *Taylor* v. *Sweet,* 40 Mich. 736; *Morey* v. *Grant,* 48 Mich. 326, 330; *Perrin* v. *Lepper,* 56 Mich. 351."

The order of the court in the instant case which takes from the plaintiffs the control of the premises in question, in view of the foregoing authorities, is obviously a final order from which a general appeal lies.

The effect of this order is to deprive plaintiffs of the possession, income and control of the premises now occupied by them during the defendants' foreclosure proceedings, as well as the right of occupancy, control and income during the period of redemption fixed by statute.

After carefully reviewing the cross bill of defendants and their petition later filed asking for the appointment of a receiver *pendente lite,* we find no averments of any contract or agreement in the alleged mortgage giving to the defendants, in case of default, the right to any income from the premises therein described nor the right of possession thereof pending foreclosure. Neither do we find any averment of any emergency that would justify the court in the appointment of a receiver pending the determination of this case on the merits.

The order appealed from is vacated, set aside and held for naught and the case is remanded for hearing on the merits.

We do not think the equities of this case justify an award of costs.

BOYLES, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.