### MYER A. WAX *vs.* ANTOINETTE G. MONKS.

Suffolk. November 9, 1950. — February 8, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Receiver. Equity Pleading and Practice*, Decree, Appeal, Receivership
proceeding. *Equity Jurisdiction*, Creditor's bill, Receivership. *Com-
monwealth*, Claim against Commonwealth.

A decree in a suit in equity appointing receivers of a claim of the de-
fendant and directing them to enforce it was so far a final decree that
an appeal therefrom might be entered in and considered by this court
forthwith.

On the record in a suit brought by a judgment creditor under general
equity jurisdiction for the appointment of a receiver of property of the
judgment debtor, the entry of a decree appointing a receiver imported
a finding that the plaintiff's execution had been returned unsatisfied.

On appeal from a decree in a suit in equity appointing two receivers of
property of the defendant, the record did not show an abuse of dis-
cretion in that one of the receivers appointed was the attorney for the
plaintiff.

In a suit in equity by a judgment creditor against the judgment debtor,
it was not improper to appoint receivers to hold and enforce a claim
of the defendant against the Commonwealth arising from a taking by
eminent domain.

BILL IN EQUITY, filed in the Superior Court on April 3,
1950.

The defendant appealed from decrees entered by order of *Kirk*, J., appointing receivers. A motion to dismiss the appeals was filed in this court.

*T. M. Vinson & D. Smerdon*, for the defendant.

*M. Rosenthal & J. M. Cohen*, for the receivers, pro se.

LUMMUS, J. This is a bill in equity, filed April 3, 1950, alleging that the plaintiff is a judgment creditor of the defendant, that the defendant owned land and buildings in Boston which the Commonwealth has taken by eminent domain and for which it has agreed to pay $43,750, that the defendant does not intend to pay him and other creditors, and that she has no other money with which to satisfy him and other creditors. The bill prays for a receiver of said real estate.

The answer admits the taking, but denies that the price has been fixed. It alleges that the defendant has made an assignment to the plaintiff of her claim against the Commonwealth, and if that has been lost, she is willing to make another. The answer denies that she will not pay the plaintiff or other creditors, and alleges her solvency.

On April 11, 1950, prior to the filing of the answer, two attorneys were appointed receivers of said real estate and of the claim against the Commonwealth, and the defendant was restrained from dealing with said real estate or claim. On April 18, 1950, one of the receivers resigned and was succeeded by another attorney.

On April 28, 1950, the defendant appealed from the decree of April 11 appointing receivers and also from the decree of April 18, 1950, appointing a coreceiver. The receivers, on November 9, 1950, filed a motion to dismiss the appeals on the ground that the decrees appealed from were interlocutory.

In *Cambridge Savings Bank* v. *Clerk of Courts*, 243 Mass. 424, 427, it was said that a decree denying a petition to vacate the appointment of a receiver for lack of jurisdiction to appoint him is a final decree and appealable as such. A like decision was made in *New England Theatres, Inc.* v. *Olympia Theatres, Inc.* 287 Mass. 485, 490. A refusal to re-

voke an appointment is much the same thing as an appointment. *Silver* v. *Kingston Realty Corp.* 114 Conn. 349.

The receivers in the present case were not appointed merely to take possession of and hold the property. They were directed to complete contracts made by the defendant and contracts thereafter made by the receivers, to enforce the rights of the defendant in their own names and to collect any money due her. The decree took these rights away from the defendant, and appeal would be futile unless the decree could be vacated by prompt entry of the appeal in the full court. *Vincent* v. *Plecker*, 319 Mass. 560, 564, note 2. *Ferrick* v. *Barry*, 320 Mass. 217, 219. *Lynde* v. *Vose*, 326 Mass. 621, 622. For these reasons we consider the decree appealed from to be a final decree, and consider presently the questions argued. *Rubert Hermanos, Inc.* v. *People of Puerto Rico*, 118 Fed. (2d) 752. *Davenport* v. *Thompson*, 206 Iowa, 746. *Lendzion* v. *Senstock*, 300 Mich. 346. *Forest City Investment Co.* v. *Haas*, 110 Ohio St. 188. *Kaiser* v. *Burger*, 64 R. I. 83. *Virginia Passenger & Power Co.* v. *Fisher*, 104 Va. 121.

The bill in the present case was not a bill to reach and apply under G. L. (Ter. Ed.) c. 214, § 3 (7), but was a non-statutory creditors' bill. See *Stockbridge* v. *Mixer*, 215 Mass. 415, 417. In such a bill it is usual to require a return of "nulla bona" on execution, as a preliminary to suit. *First National Bank* v. *Nichols*, 294 Mass. 173, 182–183. In the present case the plaintiff had obtained judgment and execution, and alleges "that the said execution has not been satisfied in whole or in part although demand for payment of the same has been made." There was no demurrer. For all that appears in the record, there may have been a return of nulla bona. The entry of the decree imports a finding of every fact necessary to support it. *Smith* v. *Wheeler*, 326 Mass. 223, 225.

The defendant complains that one of the receivers is or was attorney for the plaintiff. We realize that grave objection exists to such an appointment, as has been pointed out in other jurisdictions. But we think that the question

is one for the discretion of the court, and no facts are reported which might show that the court had no right to make such an appointment.

Lastly, the defendant contends that receivers could not be appointed to hold and collect a claim against the Commonwealth, on the principle upon which it has been held that the Commonwealth may not be summoned as trustee. *Dewey* v. *Garvey*, 130 Mass. 86. *William J. McCarthy Co.* v. *Rendle*, 222 Mass. 405. But that principle does not apply. In trustee process the trustee is a party, and the purpose is to obtain judgment and execution against the trustee on scire facias. G. L. (Ter. Ed.) c. 246, § 45. The Commonwealth was not, and could not have been, made a party to the present suit. Its liability must be enforced by the receivers in a separate proceeding.

> *Motions to dismiss appeals denied.*
> *Decrees affirmed.*