GLORIA J. MACQUARRIE *vs.* VERNON BALCH.

Suffolk. May 5, 1972. — June 15, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, & HENNESSEY, JJ.

*Public Welfare. Aid to Families with Dependent Children. Attachment. Trustee Process. Commonwealth,* Trustee process.

General Laws c. 118, § 10, bars trustee process against funds which are paid by the Commonwealth to a recipient under G. L. c. 118 (Aid to Families with Dependent Children) and deposited by the recipient in a bank account. [152–153]

PETITION filed in the Municipal Court of the City of Boston on January 7, 1971.

The case was heard by *DeGuglielmo, J.*

*Paula W. Gold & Richard A. Glickstein,* for the petitioner, submitted a brief.

TAURO, C.J. The petitioner sought to procure the discharge of funds from an attachment by trustee process. She appeals from an order of the Appellate Division of the Municipal Court of the City of Boston dismissing a report by a judge of that court who dismissed the petition. The sole issue, one of first impression, is whether G. L. c. 118, § 10, bars trustee process against funds which are paid to a recipient under Aid to Families with Dependent Children (AFDC), G. L. c. 118, and which are deposited by the recipient in a bank account.[1]

---

[1] The pertinent part of G. L. c. 118, § 10, as appearing in St. 1936, c. 413, § 1, states that: "Aid hereunder [AFDC] shall not be subject to trustee process and no assignment thereof shall be valid."

We state the pertinent facts. In an earlier action for property damage the respondent obtained a judgment against the petitioner, a recipient of aid under AFDC. The respondent then commenced an action on the judgment by trustee process and named The First National Bank of Boston as trustee. The bank answered it had funds in the name of the petitioner in the amount of $44.93. A finding was made that "[t]he [bank] credit at the time of attachment was monies remaining to the plaintiff in cashing her aid check and paying sundry bills for necessaries."

"Statute 1967, c. 658, transferred the administration of all parts of the welfare program except aid to veterans under c. 115 to the Commonwealth; and it relieved municipalities from financial responsibility for the functions thus transferred." *Cambridge* v. *Commissioner of Pub. Welfare,* 357 Mass. 183, 188. No change, however, was made in the language of G. L. c. 118, § 10, in the comprehensive revision of G. L. c. 118, by St. 1967, c. 658, §§ 27–36. In fact, the portion of the statute in issue has never been changed since its enactment. St. 1936, c. 413, § 1. The Legislature is presumed to have had knowledge of the decisions of this court. *Condon* v. *Haitsma,* 325 Mass. 371, 373. The law is clear that the Commonwealth cannot be summoned as a trustee under trustee process without statutory authorization and, therefore, there can be no attachment by trustee process of prospective aid payments before they are paid to eligible recipients. *Dewey* v. *Garvey,* 130 Mass. 86, 87. *William J. McCarthy Co.* v. *Rendle,* 222 Mass. 405, 406. See 6 Am. Jur. 2d, Attachment and Garnishment, § 78.

"An intent to pass an ineffective statute is not to be imputed to the Legislature." *Repucci* v. *Exchange Realty Co.* 321 Mass. 571, 575. Thus G. L. c. 118, § 10, can have reference only to AFDC funds held by someone other than the Commonwealth. The Legislature has stated that the "aid furnished shall be sufficient to enable such parent to bring up such child or children

properly in his or her own home . . . ."   G. L. c. 118, § 2, as amended through St. 1969, c. 885, § 18.   An intent has clearly been shown that the funds are to be used for the support and benefit of the children.   Statute 1936, c. 413, §1, which is the basis of the present AFDC program, was enacted to secure the benefits of the provisions of the Federal Social Security Act which provides grants to States for aid to dependent children.   See Report of the Special Commission Established to Study and Revise the Laws Relating to Public Welfare (1936 House Doc. No. 1551).   "AFDC was intended to provide economic security for children whom Congress could not reasonably expect would be provided for by simply securing employment for family breadwinners."   *King* v. *Smith,* 392 U. S. 309, 329–330.

The decision reached here is in accord with the results reached by other courts in construing similar statutes. See *Lawrence* v. *Shaw,* 300 U. S. 245; *Porter* v. *Aetna Cas. & Sur. Co.* 370 U. S. 159 (veterans' benefits, 38 U. S. C. § 3101 [a]) ; *Guardian Loan Co. of Plainfield* v. *Baylis,* 112 N. J. Super. 44 (AFDC benefits) ; *Century Indem. Co.* v. *Mead,* 121 Vt. 434; *Essex County Welfare Bd.* v. *Philpott,* 104 N. J. Super. 280 (social security benefits, 42 U. S. C. A. § 407) ; *Consumer Credit Corp.* v. *Lewis,* 63 Misc. 2d  (N. Y.) 928 (public assistance payments).   But see *Ponath* v. *Hedrick,* 22 Wis. 2d 382 (social security benefits, 42 U. S. C. A. § 407).

The order of the Appellate Division dismissing the report is reversed.   Judgment allowing the petition is to be entered.

*So ordered.*