BRANFORD MANOR ASSOCIATES *v.* BARBARA HARGEY

COURT OF COMMON PLEAS    NEW LONDON COUNTY    FILE NO. 26308

Memorandum filed March 1, 1976

*Kalenak & Axelrod,* for the plaintiff.

*Martin Zeldis,* for the defendant.

JOSEPH H. GOLDBERG, J. The plaintiff is about to commence an action against the defendant and seeks a prejudgment remedy by way of garnishing funds of the defendant in the hands of her attorney. The defendant is a welfare recipient and objects to the granting of the prejudgment remedy, alleging that those funds are still welfare funds and are not attachable under the provisions of § 17-82k of the General Statutes.

The issue appears to be one of first impression in Connecticut. Other jurisdictions have previously

ruled that funds of a welfare recipient deposited in a bank account were not subject to attachment. *MacQuarrie* v. *Balch,* 362 Mass. 151; *Guardian Loan Co. of Plainfield* v. *Baylis,* 112 N.J. Super. 44, 46. The reasoning in those cases was that a contrary holding would frustrate the intent of aid to dependent children programs and would allow public funds to be utilized for the benefit of unintended beneficiaries.

Funds of a welfare recipient placed in a client's fund account of her own attorney would appear to be in a stronger position than a bank account insofar as being protected from attachment under the provisions of § 17-82k. The court finds that those funds are still public aid funds of a welfare recipient being held by her attorney and are not subject to attachment.

Accordingly, the application for the prejudgment remedy is denied.