### VIRGIL S. POND & others *vs.* FRAMINGHAM & LOWELL RAILROAD COMPANY.

Suffolk. Nov. 20, 1880. — Jan. 6, 1881. LORD & SOULE, JJ., absent.

A bill in equity by creditors of a railroad corporation alleged that the corporation was insolvent; that all its property was mortgaged to trustees for the benefit of one class of creditors; that it owed large amounts to other creditors, one of whom had attached all its property; that it was about to execute a lease to the attaching creditor for a long term of years, at a rental which would not pay the interest upon its indebtedness; and that the execution of the lease would be injurious to the interest of its creditors and stockholders. The prayer of the bill was for an injunction to restrain the corporation from further prosecuting its business, and for the appointment of receivers. *Held*, that the bill did not state a case within the equity jurisdiction of the court.

MORTON, J. This is a bill in equity, the substantial allegations of which are, that the plaintiffs are creditors of the defendant corporation; that the corporation is insolvent; that all its property is mortgaged to trustees for the benefit of one class of creditors; that it owes large amounts to other creditors, one of whom has attached all its property; that it is about to execute a lease to said attaching creditor, for the term of nine hundred and ninety-nine years, at a rental which will not pay the interest upon its indebtedness; and that the execution of said lease would be injurious to the interest of its creditors and stockholders. The prayer is for an injunction to restrain the defendant from further prosecuting its business, and for the appointment of receivers.

There is no statute giving this court equity jurisdiction in such a case as this, and the bill does not state a case within the general equity powers of a court of chancery. As is stated in *Treadwell* v. *Salisbury Manuf. Co.* 7 Gray, 393, "it is too well settled to admit of question, that a court of chancery has no peculiar jurisdiction over corporations, to restrain them in the exercise of their powers, or control their action, or prevent them from violating their charter, in cases where there is no fraud or breach of trust alleged as the foundation of the claim for equitable relief."

The plaintiffs cannot maintain this bill, unless upon the ground that any creditor can maintain a bill in equity against an individual debtor upon like allegations. But there is no allegation of fraud or breach of trust, or any other ground of jurisdiction, which brings the case within the general equity powers of a court of chancery. The bill is an attempt by a creditor to restrain his debtor from making what is alleged to be an improvident contract. The rights of the parties are governed by the rules of the common law. The plaintiffs as creditors might by an attachment have obtained security which would take precedence of the contemplated lease; but if they could not, the court has no power to restrain the debtor from making a disposition of his property which is permitted by the common law, unless fraud or a breach of trust is alleged and shown.

The allegation that the defendant corporation is insolvent does not aid the plaintiffs. In the absence of any statute giving the power, this court has no authority to act as a court of insolvency for the liquidation of the affairs of an insolvent railroad corporation.                    *Decree dismissing the bill affirmed*

*M. Williams & C. A. Williams,* for the plaintiffs.

*R. Olney,* for the defendant.