CAMBRIDGE SAVINGS BANK *vs.* CLERK OF COURTS FOR COUNTY OF HAMPDEN.

Middlesex.     November 23, 24, 1922. — January 5, 1923.

Present: DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Clerk of Courts. Mandamus. Receiver. Equity Pleading and Practice,* Parties. *Equity Jurisdiction,* Receivership proceedings. *Railroad.*

Although a creditor of a railroad corporation, who has made an attachment of its real estate in an action which is pending in court, is not estopped to repudiate the action of another creditor who thereafter brought against the corporation in the Superior Court a suit in equity seeking the appointment of a receiver in which the second creditor alleged that the suit was brought in his own behalf and "in behalf of all other creditors of the" corporation and in which, with the consent of the corporation but without any other than the plaintiff therein being given notice or an opportunity to be heard and without their being heard, an interlocutory decree appointing a receiver was entered; and although such attaching creditor was a party interested in such receivership suit and had the right to intervene and oppose the appointment of the receiver when made or thereafter on petition to vacate the decree upon the ground that on the facts as disclosed in the record the court was without jurisdiction to appoint the receiver; and although a decree denying such a petition to vacate was a final decree from which the petitioning creditor had a right to appeal to this court, nevertheless, if the clerk of courts refused to receive and file such an appeal, the appealing creditor had a speedy, plain and adequate remedy at law through an application to the court for an order directing the clerk, its ministerial officer, to act; and a petition for a writ of mandamus directing the clerk to take such action therefore will not lie.

PETITION, filed in the Supreme Judicial Court on October 31, 1921, and afterwards amended by a substitute petition allowed on May 23, 1922, for a writ of mandamus directing the defendant to accept an entry fee for, and to enter, an appeal by the petitioner from an interlocutory decree entered in the Superior Court on March 17, 1921, by order of *Sisk,* J., appointing a receiver of Hampden Railroad Corporation in a suit brought in Hampden

County against that railroad corporation by Hampden National Bank, which alleged that it brought the suit "in its own behalf and in behalf of all other creditors of the Hampden Railroad Corporation."

The case was heard by *Carroll*, J., upon the substituted petition and an answer. Material facts are described in the opinion. By order of the single justice, the petition was "dismissed as a matter of law," and the case was reported to the full court for determination.

*G. K. Richardson*, for the petitioner.

*H. S. Davis*, for the respondent.

PIERCE, J. This is a petition for a writ of mandamus to order and direct the respondent, in his capacity as clerk of courts for the county of Hampden, to receive an entry fee and to enter on the docket of the Supreme Judicial Court the appeal of the petitioner from an order of the Superior Court for the county of Hampden denying the petition of the Cambridge Savings Bank that a decree of the said Superior Court appointing a receiver of the Hampden Railroad Corporation be vacated. The petition was heard by a single justice of this court upon the substitute petition and answer thereto. He ordered the petition "dismissed as a matter of law," and reported the case for determination by the full court.

The undisputed and admitted facts, shown by the petition and answer, succinctly stated are that on February 21, 1921, the Cambridge Savings Bank, as a creditor, purchased a writ in the Superior Court for the county of Middlesex against the Hampden Railroad Corporation and under that writ caused the property of the defendant corporation to be attached in the sum of $30,000. It sufficiently appears, although not in terms stated in the report, that the writ was entered and that the action is now pending in the Middlesex Superior Court. It further appears that divers other corporations had brought suit to enforce collection of certain overdue notes; that the railroad is not in operation; that all its property is within the counties of Hampden and Hampshire; that its outstanding obligation in the form of overdue notes is not less than $1,500,000; and that it has substantially no assets other than its real estate, roadbed, track, stations and franchises. On March 16, 1921, the Hampden National Bank, in its own behalf and in behalf of all other creditors of the Hampden Railroad Corporation,

began a suit in equity against the said corporation. It alleged the facts above stated in reference to the actions of the Cambridge Savings Bank and other creditors, those relating to the assets and obligations of the said corporation, charged that the property of the corporation "will be wasted and impaired and great expense incurred by reason of said suits and actions," and prayed, in its own behalf and in behalf of all the creditors and stockholders of said railroad corporation, "that a receiver be appointed to take charge of the property and affairs of the said corporation with power to lease or sell the same; and after the payment of just charges for service and expenses, make distributions of the balance to the parties severally entitled thereto." Without notice to or process served upon the Cambridge Savings Bank or upon any other person, save the defendant in the suit, or parties in interest, and without giving the savings bank and other persons interested an opportunity to be heard in protection of their interests in the property of the corporation acquired by the Cambridge Savings Bank and others through their several attachments upon writs against the corporation, the Superior Court on March 17, 1921, with the assent in open court of the respondent corporation appointed a "receiver of the properties, moneys, debts and effects of every nature and kind of or belonging to the respondent corporation and he is directed, authorized and empowered to collect, get in and take charge of all and singular thereof, and to hold the same subject to the further order of the court." The Cambridge Savings Bank with all other creditors filed proof of its claim with the receiver pursuant to an order of the court. Thereafter on October 31, 1921, the Cambridge Savings Bank entered its appearance in the equity suit and filed therein its petition that the decree of March 17, 1921, appointing the receiver, be vacated for the reason that it appears by the bill and the record in said cause that "no cause of action within the equity jurisdiction of said court is set forth, and said court was without jurisdiction to grant the relief prayed for, and the appointment of the receiver in said cause was beyond the jurisdiction of said court and void." On March 8, 1922, the petition of the Cambridge Savings Bank to vacate the interlocutory decree of March 17, 1921, appointing a receiver of the respondent was denied. The Cambridge Savings Bank duly claimed its appeal from the order dismissing its petition to the

Supreme Judicial Court and thereafter promptly by motion, filed in the Superior Court for the county of Hampden, requested the judge of the Superior Court to report the said motion to the Supreme Judicial Court, which motion ,was denied. At the request of the Cambridge Savings Bank the respondent clerk of courts upon payment of ,charges prepared the record of the appeal, but refused to receive the entry fee for the appeal and to enter the cause on the docket of the Supreme Judicial Court until ordered so to do by the court.

The Cambridge Savings Bank did not participate in the appointment of the receiver and therefore is not estopped to repudiate the action of the Hampden National Bank, in its own behalf and in behalf of all other creditors of the Hampden Railroad Corporation, which resulted in the appointment of the receiver with the assent of the defendant debtor corporation. It is obvious the Cambridge Savings Bank and other creditors having attachments which were dissolved upon the appointment of a receiver were interested parties and had the right to intervene and oppose the appointment of the receiver, when made or thereafter on petition to vacate the decree, upon the ground that on the facts as disclosed in the record the court was without jurisdiction to appoint the receiver. See G. L. c. 223, § 130. *Davis* v. *Mazzuchelli*, 238 Mass. 550. The decree denying the petition to vacate the appointment of the receiver on the ground the court was without jurisdiction to make the appointment on the facts, was in its nature a final decree which was appealable to this court. *Hutchins* v. *Nickerson*, 212 Mass. 118. Absence of authority to make the appointment necessarily would result in the reversal of the decree of appointment and in the dismissal of the bill of complaint, which had as its only object the appointment of a receiver.

The order of the single justice dismissing the petition for a mandamus was right as matter of law. Mandamus, will not issue where there is a speedy, plain and adequate remedy in the ordering of the administration of the law. *Taylor* v. *Thompson*, 232 Mass. 269, 271. The clerk of courts is a ministerial officer of the courts and is subject to the direction of the courts in the performance of his duties. The duty of the clerk in the first instance manifestly is to determine whether papers presented for entry are proper to be entered under the statutes and rules of the court. A person

aggrieved by the determination of the clerk has his remedy through an application to the full court for an order directing the clerk to act. *Sloman* v. *Moores*, 29 Neb. 122.

*Petition denied.*