## HAMPDEN NATIONAL BANK *vs.* HAMPDEN RAILROAD CORPORATION.

Hampden.    September 20, 1923. — October 10, 1923.

Present: BRALEY, DECOURCY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* Receiver. *Waiver. Equity Pleading and Practice,* Waiver. *Superior Court. Jurisdiction.*

The Superior Court has jurisdiction in equity of a bill by a national bank having a usual place of business in this Commonwealth for the appointment of a receiver of the property of a railroad corporation incorporated and domiciled here, for the marshalling of its assets and for accompanying injunctive relief, where it is alleged in the bill that the defendant's railroad was not being operated, that the defendant had obligations amounting to $1,500,000, that another bank had attached the defendant's property, that other creditors had brought suits to enforce collection of debts, and that the only assets consisted of its real estate, roadbed, track, stations and franchise, which would be wasted and impaired " by reason of said suits and actions," and that great expense thus would be incurred and that such expense could be prevented and equal protection of creditors and stockholders secured only by the appointment of a receiver.

Where the Superior Court has jurisdiction of the subject matter of a bill for the appointment of a receiver of a railroad corporation and of the parties, a right of a creditor, who had attached the property of the corporation before the filing of the bill, to object to such an appointment after it had been made without his receiving notice of the bill or being given a chance to be heard, may be waived.

Where, nearly three months after the appointment of the receiver upon the allegations of the bill above described, and after a notice to creditors to come in and prove their claims within four months had been issued by order of the court upon the receiver's second report, the attaching creditor proved his claim without reservation, he thereby asserted his right as a creditor to participate in whatever distribution the court might order, submitted

to the jurisdiction of the court and waived his right to object that the bill did not state a case for the application of the remedy sought; and thereafter it is too late for him to contend that the decree appointing the receiver was invalid.

BILL IN EQUITY, filed in the Superior Court on March 16, 1921, for the appointment of a receiver " to take charge of the property and affairs of the " defendant railroad corporation.

On March 17, 1921, an interlocutory decree appointing a receiver was entered by order of *Sisk*, J., after hearing counsel for the plaintiff and for the railroad corporation. On June 6, 1921, on the second report of the receiver, an order was entered directing " all persons having a claim or demand against " the railroad corporation to make proof thereof within four months.

On October 31, 1921, the Cambridge Savings Bank filed a petition " that the interlocutory decree appointing the receiver be vacated and that the bill be dismissed," for "that said bill of complaint sets forth no cause of action within the equity jurisdiction of " the court.

The petition was heard by *Sisk*, J. It was agreed that the railroad corporation by its counsel appeared in open court and assented to the appointment of a receiver, such action by counsel having been authorized by a vote of its stockholders and directors; that the plaintiff's counsel represented (and so stated to the court) creditors of the railroad corporation whose claims amounted to $1,161,000.

On March 8, 1922, by order of the judge, the petition was denied. The Cambridge Savings Bank appealed on March 10, 1922.

On March 10, 1922, the Cambridge Savings Bank also filed a petition for leave to file a demurrer to the original bill, which was heard by *McLaughlin*, J., and was denied on March 21. The Cambridge Savings Bank appealed.

*G. K. Richardson,* for the Cambridge Savings Bank.

*R. G. Dodge,* (*H. W. Ely* with him,) for the receiver.

BRALEY, J. The material facts are not in issue. It appears that the Cambridge Savings Bank, a creditor of the railroad, attached its property on mesne process February 21, 1921, and the action is now pending in the Superior Court.

The Hampden National Bank, a simple contract creditor, acting in its own behalf and in behalf of all other creditors who might join, brought on March 16, 1921, a bill in equity in that court alleging that the railroad was not being operated, and that it had obligations in the form of overdue promissory notes amounting to $1,500,000; that the Cambridge Savings Bank had attached the property of the railroad, and " divers other corporations . . . have brought suit to enforce collection of certain of said notes." It is further alleged that the only assets consist of its real estate, roadbed, track, stations and franchise, which will be wasted and impaired and great expense incurred " by reason of said suits and actions," and can only be prevented, and the equal protection of creditors and stockholders secured by the appointment of a receiver, with power to sell or lease the property, and after the payment of just charges for service and expenses to make distribution of the remainder among all parties entitled to participation. The court on March 17, 1921, with the consent of counsel for the defendant railroad corporation but without notice to the Cambridge Savings Bank or other creditors, and after hearing the statement of counsel for the plaintiff bank, that he represented creditors whose claims aggregated $1,160,000 entered a decree appointing a receiver in accordance with the prayers of the bill.

It was said in *Cambridge Savings Bank* v. *Clerk of Courts*, 243 Mass. 424, 427, " The Cambridge Savings Bank did not participate in the appointment of the receiver and therefore is not estopped to repudiate the action of the Hampden National Bank, in its own behalf and in behalf of all other creditors of the Hampden Railroad Corporation, which resulted in the appointment of the receiver with the assent of the defendant debtor corporation. It is obvious the Cambridge Savings Bank and other creditors having attachments which were dissolved upon the appointment of a receiver were interested parties and had the right to intervene and oppose the appointment of the receiver when made or thereafter on petition to vacate the decree, upon the ground that on the facts as disclosed in the record the court was without jurisdiction to appoint the receiver."

The jurisdiction of the court to entertain the case or to enter the decree is attacked. The petitioner as an attaching creditor had the rights of a purchaser for value so long as the attachment, which was a lien on the property, remained in force. *Whitney* v. *Metallic Window Screen Manuf. Co.* 187 Mass. 557, 560. If, however, the decree stands the attachment has been dissolved by the receiver's appointment. G. L. c. 223, § 130. *Davis* v. *Mazzuchelli,* 238 Mass. 550, 556. "The appointment of a receiver is part of the jurisdiction of equity, and is based on the inadequacy of the remedy at law . . . ." See 23 R. C. L. Receivers, §§ 3–7, and cases there cited. *Rochester Tumbler Works* v. *Mitchell Woodbury Co.* 215 Mass. 194. *Fort Payne Furnace Co.* v. *Fort Payne Coal & Iron Co.* 96 Ala. 472. *Loaiza* v. *Superior Court,* 85 Cal. 11. *Chase's Case,* 1 Bland, (Md.) 206. *Blum Brothers* v. *Girard National Bank,* 248 Penn. St. 148. *Slover* v. *Coal Creek Coal Co.* 113 Tenn. 421, 435. *Hopkins* v. *Worcester & Birmingham Canal Proprietors,* L. R. 6 Eq. 437, 447. The Superior Court being by statute a court of original jurisdiction of all cases and matters of equity cognizable under the general principles of equity jurisdiction, and the parties having been domiciled in this Commonwealth where the property involved was also located, could judicially consider and decide what action should be taken on the bill, which asked for the appointment of a receiver, the marshalling of assets, and for accompanying injunctive relief. G. L. c. 214, § 1. *Paige* v. *Sinclair,* 237 Mass. 482, 483. "The jurisdiction with which we are concerned is the power to hear and determine a cause. It is not limited to making correct decisions but includes power to decide wrong as well as right. As applied to a particular controversy it is the power to hear and determine the subject-matter of that controversy. And by that is meant the power to hear and determine causes of the class to which the particular controversy belongs. It is the power to act upon the general question in its relation to the facts presented; to adjudge whether such facts call for the exercise of the abstract power." Noyes, J., in *Brougham* v. *Oceanic Steam Navigation Co.* 205 Fed. Rep. 857, 859.

The appointment of a receiver is not a matter of right. *Boston Penny Savings Bank* v. *Boston & Maine Railroad,* 244 Mass. 488. *Sage* v. *Memphis & Little Rock Railroad,* 125 U. S. 361, 375. And the petitioner is forced to contend that a clear abuse of discretion is shown because the bill did not state sufficient grounds for the appointment. *Pond* v. *Framingham & Lowell Railroad,* 130 Mass. 194. *Falmouth National Bank* v. *Cape Cod Ship Canal Co.* 166 Mass. 550, 567, 569. *Richardson* v. *Clinton Wall Trunk Manuf. Co.* 181 Mass. 580, 583. But the record shows that the court issued an order directing creditors to prove their claims on or before a certain date, and that before filing its present petition the petitioner in common with all other creditors, and pursuant to the order, filed a proof of its debt or claim with the receiver without making any objection to the jurisdiction. The court as we have said had jurisdiction of the subject matter and of the parties, and the objection that the bill did not state a case for the application of the remedy sought could be waived. The petitioner instead of seasonably objecting to the jurisdiction proved its claim without reservation, thereby asserting its right as a creditor to participate in whatever distribution the court ordered. And having submitted to the jurisdiction it is now too late to raise the objection that the decree was a nullity. *First Congregational Society in Raynham* v. *Trustees of Ministerial Fund,* 23 Pick. 148. *Massachusetts General Hospital* v. *State Mutual Life Assurance Co. of Worcester,* 4 Gray, 227, 232. *Jones* v. *Keen,* 115 Mass. 170, 180. *Dearth* v. *Hyde & Leather National Bank,* 100 Mass. 540, 543. *Pusey & Jones Co.* v. *Hanssen,* 261 U. S. 491.

The appeal from the denial of the petition for leave to demur, not having been argued, is to be treated as waived, and the decrees dismissing the petitions should be affirmed.

*Ordered accordingly.*