## NEW YORK TRUST CO. v. ISLAND OIL & TRANSPORT CORPORATION et al.

### No. 361.

Circuit Court of Appeals, Second Circuit.

Dec. 4, 1930.

158

For former opinion, see 43 F.(2d) 923.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This petition is based largely upon the theory that such a favorable price as 42 cents per barrel for oil would have been sufficient to enable the refining company to make enough money to pay its obligations as they accrued. However, it not only did not start free from financial embarrassments, but it waived its requirements for oil. There was evidence from the very witness who now offers to tell a somewhat different story that it could not furnish ships to transport the oil; under its own concession it was necessary for it to obtain an advance of $1,500,000 out of the $3,000,000 loan in order to do business; it failed to pay 50 per cent. of the amounts due under the contract for the deliveries of oil; it failed to comply with its obligation to give notice of its requirements as a condition of requiring further performance.

As the transport company from January to August, 1921, did not fail to supply oil "as provided by" the agreement, the provision in the last clause of article twelfth of the contract that the entire balance of the $3,000,000 loan should become due, because of failure to supply oil during the period of strikes never applied. In view of the foregoing, we think that the assumptions contained in the brief on the motion for a rehearing as to the financial position of the refining company are not well founded.

But the point most fatal to appellant's case is that no fraud was shown by the transport company, or its officials, and so the master found. The appellant stands in the position of a creditor, and could not as such object to a modification of the agreement between the transport and the refining companies made in good faith for the purpose of keeping the contract alive. Bad business judgment, if that has been proved, was not enough to enable the appellant to annul the acts of the officers in control of the companies and to recover for a breach. Brown v. Schleier, 194 U. S. 18, 24 S. Ct. 558, 48 L. Ed. 857; Gay v. Hudson River Electric Power Co. (C. C. A.) 187 F. 12; Mills v. Northern Ry., L. R. 5 Ch. App. 621; Pond v. Framingham & Lowell R. R., 130 Mass. 194; Morawetz on Corporations (2d Ed.) § 782.

To show the illegality of any modification of the contract, it is argued that it would have been better for the refining company if no attempt had been made to continue relations with the transport company and if the refining company had promptly pursued its remedies against the Mexican subsidiaries of the transport company, who were parties to the contract. But that course would have involved a pursuit of the subsidiaries through insolvency proceedings with results that no one could predict and at any rate would have entailed protracted litigation and delay. To determine the desirability of such a course required the exercise of business judgment. At most no more than poor judgment has been shown, and that is not enough in our opinion to give a creditor of the refining company any standing to attack the dealings between the two companies. A decision that it was best for all parties to continue to act under the contract so far as practicable cannot be deemed so unreasonable as to exclude the exercise of fair judgment and good faith.

The motion for a rehearing is denied.