JAE CORPORATION *vs.* MASS. PORT REALTY CO., INC. & others. January 31, 1975. This appeal from a decree of the Superior Court appointing a receiver pendente lite of certain income producing real property is properly before us as the decree is "so far final in its nature as to be appealable to this court. *Cambridge Savings Bank* v. *Clerk of Courts,* 243 Mass. 424, 427 [1923]." *New England Theatres, Inc.* v. *Olympia Theatres, Inc.* 287 Mass. 485, 490 (1934), cert. den. sub nom. *E. M. Loew's, Inc.* v. *New England Theatres, Inc.* 294 U. S. 713 (1934). *Vincent* v. *Plecker,* 319 Mass. 560, 564, n. 2 (1946). *Lynde* v. *Vose,* 326 Mass. 621, 622 (1951). *Wax* v. *Monks,* 327 Mass. 1, 2-3 (1951). *Albre* v. *Sinclair Constr. Co. Inc.* 345 Mass. 712, 713 (1963). "No evidence is reported and the only question is whether the decree . . . could have been entered on the allegations of the bill." *Id.* at 712. The sworn allegations of the bill and of the supporting motion to appoint the receiver indicate a concerted and elaborate scheme by the defendants to delay and defraud the plaintiff as a creditor of the defendant Quinlan & Associates, Inc., and justified the conclusion that the present case is one " 'where otherwise there would be wasting and loss of property which ought to be made available for payment of the debts of the corporation and which cannot be conserved in any other way so satisfactorily as by the appointment of a receiver. *Falmouth National Bank* v. *Cape Cod Ship Canal Co.* 166 Mass. 550, 568 [1896].' *New England Theatres, Inc.* v. *Olympia Theatres, Inc.* 287 Mass. 485, 492 [1934]." *Hurley* v. *Boston R.R. Holding Co.* 315 Mass. 591, 616 (1944).` George Altman, Inc.* v. *Vogue Intl. Inc.* 366 Mass. 176, 179-180 (1974). See G. L. c. 109A, § 10(b).

*Decree affirmed.*

*Morris M. Goldings* for Mass. Port Realty Co., Inc.
*John H. Henn* for the plaintiff.