Fremont-Smith, J.
On or about January 31, 1994, the plaintiff, USTrust, brought this action against the defendants, Stuart A. Roffman (“Roffman”), Raven Oak Trust (“Raven”) and SBI Limited Partnership (“SBF j to recover monies lent on a promissory note. On or about November 21, 1994, the Court (Quinlan, J.) entered an order prohibiting Roffman from alienating, concealing or otherwise disposing of any of his legal or equitable interests in ROPT or Sovereign, and on or about December 11, 1995, this Court (Fremont-Smith, J.) allowed USTrust’s partial motion for summary judgment as to monies lent, concluding that, in spite of some dispute as to the validity of the promissory note, Roffman owed USTrust $438,500, plus interest and costs. On or about July 8, 1996, USTrust first became aware that foreclosure proceedings had begun on *182 property owned by Reservoir Office Park Trust (“ROPT”). USTrust asserts that Roffman’s primary assets are ROPT and an apartment building owned by Sovereign Realty Associates Limited Partnership (“Sovereign”) and notes that it has previously received equitable attachments on, among other things, Roffman’s property interest in both ROPT and Sovereign. On or about July 15, 1996, USTrust moved for final and separate judgment and for an order to charge Roffman’s partnership interest in Sovereign and appoint a receiver. On or about July 31, 1996, this Court (Hely, J.) allowed USTrust’s motion for entry of final and separate judgment, but denied, without prejudice, USTrust’s motion for an order to charge Roffman’s partnership interest and to have a receiver appointed and suggested that USTrust wait thirty days from the entiy of judgment before reapplying for such relief. Final judgment was entered on August 7, 1996 and Roffman has appealed.[1] Thirty days having passed since the entry of judgment without receipt of payment from Roffman, USTrust has renewed its motion to charge the partnership interest of Roffman in Sovereign and to appoint a receiver. After hearing and the Court’s consideration of the submissions of the parties, the Court DENIES the motion.
BACKGROUND
It is undisputed that Roffman is the sole general partner of Sovereign and possesses 92.5% of the limited partnership interests. It is further undisputed that Roffman is a 100% shareholder in ROPT, G.P., Inc., a partnership which was subject to imminent foreclosure until it filed for Chapter 11 protection in the United States Bankruptcy Court, thus staying the impending foreclosure giving rise to USTrust’s renewed motion.
According to the Sovereign Partnership Agreement, Roffman is entitled to 6% of the gross profits, as well as 20% of the net profits after expenses as a general partner, while the remaining net profits are distributed among the limited partnership interests, of which Roffman holds 92.5%. It is undisputed that, according to Sovereign’s income statements, for the years 1993 and 1994, respectively, Sovereign’s gross and net profits, excluding mortgage payments, were as follows:
1993:
Gross Profits 1,060,689.00
Expenses 382.990.00
Net Profits 677.699.00
1994:
Gross Profits 1,168,362.00
Expenses 419.867.00
Net Profits 748.495.00
USTrust asserts that, taking into account per annum mortgage payments of $466,517.04, Sovereign had net profits after mortgage payments in 1993 and 1994 of $211,181.96 and $281,977.96, respectively. Based on the terms of the Partnership Agreement, USTrust next asserts that in 1993 and 1994, Roffman, in his capacities as general and 92.5% limited partner of Sovereign, was entitled to $199,378.69 and $265,027.87, respectively. Roffman, on the other hand, testified under oath in his deposition that, although the Sovereign.Partnership Agreement entitled him to the percentages asserted by USTrust, he was not obligated to take those amounts and in fact did not take from Sovereign the amounts suggested by USTrust, but rather took only approximately $50,000 per year and in no event more than $100,000.
DISCUSSION
USTrust first asserts that, as it has received summary judgment to the extent of the underlying debt, it should be treated as a judgment creditor and thus, should be entitled to charge Roffman’s interest and have a receiver appointed. Roffman argues that final judgment without execution does not vest USTrust with the authority of a judgment creditor. The Court concludes, however, that USTrust, having obtained final judgment, is a “judgment creditor,” notwithstanding defendant’s having appealed the judgment, creating a stay of execution. Moreover, even were USTrust not a judgment creditor, “the court unquestionably has the legal authority to charge the interest of the debtor partner under M.G.L.c. 108A, §28 or M.G.L.c. 109, §41, and to appoint a receiver under the inherent equitable or other statutory powers of the court.” See Order dated July 31,1996 (Hely, J.) (granting separate and final judgment in favor of USTrust and against Roffman in the amount of $438,500 plus interests and costs, but denying, without prejudice, USTrust’s motion to charge partnership interest and appoint a receiver) and cases cited below.
USTrust next asserts that recent events concerning Roffman’s financial situation, particularly the Chapter 11 proceedings under which ROPT is operating, as well as Roffman’s alleged misrepresentations as to his earnings from Sovereign, necessitate that his partnership interest in Sovereign be charged and a receiver appointed immediately in order to prevent wasting or dissipation of assets. A general creditor who has brought his claim to judgment and exhausted his remedies at law, as USTrust has, is entitled to apply for a receiver to marshall his claims. See 3 Clark, The Law and Practice of Receivers §918 at 1688 (3d ed. 1959). “Upon the entry of a judgment establishing the indebtedness of [a] partner!,] a court with equity powers may appoint a receiver of the debtor’s interest in the partnership.” 31 Massachusetts Practice: Equitable Remedies §190 at 312 (1993) (citations omitted). “Nevertheless, such appointment rests in sound judicial discretion to be put forth only with circumspection. It should not be exercised except in cases where otherwise there would be wasting and loss of property which ought to be made available for payment of. . . debts . . . and which cannot be conserved in any other way so satisfactorily as by the appointment of a receiver.” Hurley v. Boston Railroad Holding Co., 315 *183 Mass. 591, 616 (1944) (citing Falmouth Nat’l Bank v. Cape Cod Ship Canal Co., 166 Mass. 550, 568 (1896); New England Theatres, Inc. v. Olympia Theatres, Inc., 287 Mass. 485, 492 (1934)).
“Power to appoint a receiver of a partnership should be exercised with the utmost caution and will be exercised only in a clear case, for the prevention of manifest wrong and injury.” 3 Clark, The Law and Practice of Receivers §911 at 1682 (3d ed. 1959) (citations omitted). . . [W]hen cases arise that show there is danger of the [partnership] property being wasted or destroyed if left in the hands of the partner or partners during the litigation, then under certain circumstances the court will appoint a receiver.” See id. at 1683 (concerning suits between partners).
Here, although it appears that Roffman has access to substantial sums of money pursuant to the Sovereign Partnership Agreement, Roffman has denied under oath that he has exercised his right to take such sums. Nor is any evidence presented, such as Roffman’s personal tax returns or partnership C-l statements, which indicate the contrary. Accordingly, the Court is unable to conclude on this record that money or assets of Sovereign are being diverted by Roffman to other business, or wasted by the defendant. The Court is further mindful of the protection afforded to plaintiff by the Court’s November 21, 1994 Order.
ORDER
Accordingly, USTrust’s motion to charge Roffman’s partnership interest and appoint a receiver is hereby DENIED without prejudice to renewal should further facts indicating a diversion or waste of defendant’s partnership assets come to light.

This Court retains jurisdiction for the requested relief. See Mass.R.Civ.P. 62.